UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MARK SESSION,
Institutional ID No. 34252177

    Petitioner,

v.

DIRECTOR, TDCJ-CID,

    Respondent.

No. 1:19-CV-00126-H

## OPINION AND ORDER

Petitioner Mark Session—a state prisoner proceeding pro se—seeks a federal writ of habeas corpus to challenge the legality of his 2017 Texas state felony conviction under 28 U.S.C. § 2254. (*See* Dkt. No. 2.) Respondent answers that Session's petition is barred by the applicable statute of limitations. (*See* Dkt. Nos. 9, 11.) Session disagrees, arguing that the limitation period should be tolled because he did not timely receive a copy of his state-court records. (*See* Dkt. Nos. 12, 14, 15.)

For the following reasons, the Court agrees with Respondent and dismisses Session's petition.

**1.**   **Background**

On October 13, 2017, Session pled guilty to possession of methamphetamine with intent to deliver and was sentenced to seven years' imprisonment. (*See* Dkt. Nos. 2, 9-6, at 13-14.) Session did not file a direct appeal of his conviction. (*See* Dkt. No. 2 at 3.) On August 8, 2018, he filed a state application for a writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals (TCCA) without a hearing or written order on December 5, 2018. (*See* Dkt. No. 9-1.)

1

After receiving the TCCA's "white card" ruling, Session sent two letters to the TCCA requesting an explanation for the court's ruling and a copy of the underlying record. (*See* Dkt. Nos. 9-2, 9-3, 12-1 at 5–8.) On February 28, 2019, the TCCA responded, instructing Session how to obtain a copy of his records. (*See* Dkt. No. 12-1 at 5.) On April 4, 2019, the Texas State Law Library explained to Session that the TCCA had denied his state application "based on the trial court's findings" and directed him to specific legal resources available in his unit library that explain state habeas corpus proceedings. (*Id.* at 7.)

On June 10, 2019, Session filed his federal petition. As he did in his state application, Session challenges the constitutionality of his conviction on the grounds that his guilty plea was involuntary and he received ineffective assistance of counsel. (*See* Dkt. No. 2 at 6–7.) Session alleges that he received a copy of the trial court's findings on April 14, 2020. (*See* Dkt. No. 15.)

2. **Discussion**

   A. **Statute of Limitations**

It is undisputed that Session's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Id.* at § 2244(d)(2).

### B. Equitable Tolling

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). A mistaken interpretation of the law or lack of knowledge of filing deadlines are not "rare and exceptional circumstances" that justify equitable tolling. *See Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

### 3. Analysis

The parties dispute when the limitation period began running. Respondent argues that, under Section 2244(d)(1)(A), the limitation period began to run on November 13, 2017—when Session's judgment became "final." Session disagrees. He argues that, under Sections 2244(d)(1)(B) and (D), the limitation period began to run on April 14, 2020—when he received a copy of the trial court's findings. (*See* Dkt. Nos. 12, 14, 15.)

#### A. State Impediment

To invoke Section 2244(d)(1)(B), a prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436–37 (5th Cir. 2003).

Session contends that the State's delay in providing him a copy of the trial court's findings—which the TCCA adopted in denying his state application—made it impossible for him to meaningfully address and refute the reasonableness of the TCCA's ruling before filing his federal petition. (*See* Dkt. Nos. 12, 14, 15.) However, Session does not even allege—much less show—that the delay prevented him from *filing* his federal petition on time. And the fact that he filed his federal petition on June 10, 2019—well before he obtained a copy of the trial court's findings—clearly demonstrates that the delay did not prevent him from doing so. Furthermore, because Session does not have a federally-protected right to a free copy of his state-court records merely to search for possible error to file a petition for collateral relief at some future date, he cannot show that the State's delay violated his federal rights. *See Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir. 2004) (citing *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971)).

For these reasons, the Court concludes that Session has failed to demonstrate that Section 2244(d)(1)(B) governs the timeliness of his federal petition.

### B. Factual Predicate

Session also argues that, under Section 2244(d)(1)(D), the limitation period began to run when he received a copy of the trial court's findings. (*See* Dkt. Nos. 12, 14, 15.) He contends that the trial court's findings—in and of themselves—provide the "factual predicate" for his federal petition. Session explains that, until he learned the reasons underlying the TCCA's ruling, he did not know or "discover" the factual basis for his federal petition. In other words, he was unable to address why the TCCA's ruling was erroneous until he received a copy of the trial findings it adopted.

Session's argument is specifically foreclosed by *Ybanez v. Johnson*, 204 F.3d 645, 646–47 (5th Cir. 2000), which held that, in the context of tolling the limitation period under Section 2244(d)(1)(D), a state court's ruling on a state habeas application cannot serve as a "factual predicate" for a claim on federal habeas review. *See Ybanez v. Johnson*, 204 F.3d 645, 646–47 (5th Cir. 2000). Instead, only the facts that underlie Session's constitutional claims—here, the factual circumstances leading up to and surrounding his guilty plea—can do so. Session does not allege or attempt to show that he was unable to discover these underlying facts until he received a copy of the trial court's findings.

The Court therefore concludes that Section 2244(d)(1)(D) does not govern the timeliness of Session's federal petition.

### C. Finality of Judgment

Because Session has failed to demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court concludes that Section 2244(d)(1)(A) governs the timeliness of his federal petition. Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A).

Because Session did not appeal his conviction, Texas Rule of Appellate Procedure 26.2(a)(1) determines when Session's judgement became final under Section 2244(d)(1)(A). *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (citing Tex. R. App. P. 26.2(a)). Under Rule 26.2(a)(1), a criminal defendant has 30 days after the day his sentence is imposed to file a notice of appeal. *Id.*

Here, the state trial court imposed Session's sentence on October 13, 2017. Under Rule 26.2(a)(1), Session's judgment became "final"—and the one-year limitation period began to run—thirty days afterward, on November 13, 2017. Thus, absent any statutory or equitable tolling, Session had to file his federal petition one year later, by November 13, 2018. But, as noted by Respondent, the time during which Session's state habeas application was pending tolled the limitation period by 107 days. Accordingly, the Court concludes that Session had until February 27, 2019 to file his federal petition. But Session filed his petition on June 10, 2019—over three months after the limitation period expired.

### D. Equitable Tolling

Session claims that, even if Section 2244(d)(1)(A) governs, he is nevertheless entitled to equitable tolling of the limitation period on the same grounds previously discussed. The Court disagrees. Assuming arguendo that Session pursued his rights diligently, the Court concludes that, for the same reasons explained above, Session has failed to demonstrate that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. Moreover, under the law of this circuit, Session's stated reason for his delayed filing—a lack of access to state-court records—is insufficient to warrant equitable tolling of the limitation period. *See Roughley v. Cockrell*, 45 F. App'x 326 (5th Cir. 2002) (rejecting a claim for equitable tolling based on a prisoner's unfulfilled request for state court records); *see also Tiner v. Treon*, 232 F.3d 210 (5th Cir. 2000) (concluding that petitioner's

allegation that his inability to obtain his state records prevented him from filing a timely section 2254 petition did not entitle him to equitable tolling).

Thus, the Court concludes that Session has failed to demonstrate that equitable tolling is warranted in this case.

**4.     Conclusion**

For the foregoing reasons, the Court concludes that Session's 28 U.S.C. § 2254 petition was filed after the applicable one-year limitation period expired and should, therefore, be dismissed.

In addition, the Court concludes that Session has failed to show that reasonable jurists would debate whether the Court's procedural ruling was correct and whether he has put forward a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); *see also* 28 U.S.C. § 2253(c).

The Court will enter judgment accordingly.

So ordered.

Dated January 12, 2022.

                                                  JAMES WESLEY HENDRIX
                                                  United States District Judge